```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/18/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
IN RE:

INTEREST RATE SWAPS ANTITRUST LITIGATION

*This Document Relates to All Actions*
------------------------------------------------------------- X

16-MD-2704 (PAE)
16-MC-2704 (PAE)

ORDER NO. 32

PAUL A. ENGELMAYER, District Judge:

The Court has been notified that a lawsuit was filed last week in this District that brings claims on behalf of a new plaintiff, trueEX LLC ("TrueEx"), that appear to parallel substantially the claims of existing plaintiffs Javelin Capital Markets LLC ("Javelin") and Tera Group, Inc. ("Tera"). *See trueEx LLC v. Bank of America Corp.*, 18 Civ. 5361, Dkt. 1. TrueEx is represented there by the same counsel who represent Javelin and Tera in this multi-district litigation.

Mindful of the possibility that one or more parties may move to bring that action within the ambit of this MDL, the Court—in the interests of assuring that any such consolidation not delay the progress of these proceedings—asks that counsel in the MDL submit a brief joint letter, due Wednesday, June 20, 2018 at noon, setting out the parties' respective views on the following questions. The Court may pursue these matters further on the monthly conference call with counsel scheduled for June 21, 2018. The Court directs that the counsel for Javelin/Tera who is designated to participate in that call be specifically prepared to discuss issues relating to the integration, if needed, of TrueEx, into this litigation as a party:

1. Does any party intend to move to bring the new case within the MDL? If so, by what means and on what timetable? Does any party expect to oppose such consolidation?

2. Do the claims by TrueEx differ in any material way from those by Javelin and Tera? In what way or ways would the addition of TrueEx as a plaintiff (as opposed to a third party) affect discovery in this case?

3. Does any defendant presently expect to move for dismissal of any of TrueEx's claims? To the extent that there may be arguments that the statutes of limitation applicable to particular claims apply differently to TrueEx than to Javelin and Tera given, *inter alia*, the later filing date of TrueEx's complaint, at what point in these proceedings are such arguments most productively resolved?

4. What steps can the Court and parties take to assure that the addition of TrueEx to this litigation, should it occur, does not disrupt the existing schedule?

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: June 18, 2018
       New York, New York