USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/23/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

IN RE:                                                    :      16-MD-2704 (PAE)
                                                             :      16-MC-2704 (PAE)
INTEREST RATE SWAPS ANTITRUST LITIGATION   :
                                                             :      ORDER NO. 45

*This Document Relates to All Actions*                     :

------------------------------------------------------------------ X

## ORDER ADDRESSING
## DISCOVERY DISPUTE

PAUL A. ENGELMAYER, District Judge:

The Court has reviewed plaintiffs' letter of August 9, 2018 (Dkt. 471) concerning the sufficiency of the descriptions in eight defendants' privilege logs, defendants' joint letter of August 14, 2018 in response (Dkt. 479), and the cover letters and individual submissions made *in camera* on or about August 17, 2018 (*see* Dkts. 486–491) by eight defendant groups containing the items withheld and/or redacted pursuant to claims of privilege.[1] *See* Dkt. 481 (August 15 order requesting such submissions). This order addresses these issues.

At the outset, it is not clear to the Court that there is a dispute fully ripe for resolution. Based on the parties' submissions, as to at least some defendants, the meet-and-confer process as to privilege logs appears to have been ongoing as of the date of plaintiffs' letter. Further, as to at least some defendants, an internal process of reviewing privilege claims and logs appears to have been underway as of that date.

---

[1] The docket reflects that, of the eight defendants that submitted privileged materials for *in camera* review, only six also filed those materials under seal with the Court. The outstanding two defendants are directed to file those documents under seal forthwith. In addition, all eight defendants are directed to file, in redacted form as necessary, the transmittal letters, on the public docket.

1

Nevertheless, the Court's view is that the exercise occasioned by plaintiffs' letter has been a productive one. It has enabled the Court to furnish the following indicative guidance to counsel.

1. ***Viability of claims of privilege***: Plaintiffs' letter put at issue the privilege-log descriptions as to 40 distinct documents (five for each of eight defendants). Defendants since have withdrawn entirely their claims of privilege as to eight of these documents.[2] Defendants have further withdrawn their wholesale claims of privilege as to an additional six documents that will now be produced in redacted form.[3] Although the record does not supply a certain answer as to this point, it appears that, as to most and perhaps all of these 14 documents, the affected defendant's decision to retreat from an earlier claim of privilege was made after plaintiffs identified the corresponding privilege log entry as problematic in their August 9 letter to the Court, and, as to some of those documents, after the Court had directed defendants to produce these documents *in camera*. *See* Dkt. 481 (August 15 order).

The Court is mindful of the huge volume of privileged and potentially privileged materials in this case and the enormous commitment of time that each defendant has expended on privilege review and the preparation of privilege logs. The materials submitted *in camera* underscore the vast amount of work done by internal lawyers and outside counsel for Dealer Defendants on regulatory issues following the enactment of Dodd-Frank. The Court is mindful,

---

[2] The Court tabulates the following wholly withdrawn claims of privilege by defendant: Bank of America, two documents; BNPP, two documents (including one that BNPP reports has been produced under a different bates number); Goldman Sachs, one document; and UBS, three documents.

[3] The Court tabulates the following partially withdrawn claims of privilege by defendant: Barclays, one document; BNPP, two documents; Deutsche Bank, one document; Goldman Sachs, one document; and UBS, one document.

too, that plaintiffs' challenges to the privilege logs here may have been made before defendants' privilege designations as to some documents were in final form and/or before the meet-and-confer process as to plaintiffs' challenges to the designations was mutually viewed as complete. The Court is further mindful that each of the 11 defendants is a separate actor, with a separate review process, and entitled to separate consideration. Not all defendants have retreated from claims of privilege. Finally, the Court notes that, as to the remaining 26 documents as to which a claim of privilege remains extant, based on the Court's initial review, each such document appears to have been validly withheld on grounds of privilege. The redactions that certain defendants now propose similarly appear to rest on valid claims of privilege.

With those important caveats, it is concerning to the Court that plaintiffs' August 9 letter challenging defendants' designations has led to a change of course by the defense as to 35% of the documents reflected therein. The Court expects each defendant to have in place an effective quality-control process for checking and/or spot-checking the viability of initial claims of privilege. Particularly for defendants that have retreated from initial privilege designations following plaintiffs' letter, the Court expects that these events should occasion self-examination as to the adequacy of the processes in place for confirming initial privilege designations. The Court further expects that, to the extent questions about privilege claims arise in future meet-and-confers, defendants will revisit earlier privilege determinations with dispatch and with an open mind.

2. *Language used on privilege logs*: As to the issue plaintiffs raised in the letter, regarding the adequacy of defendants' log entries, the Court has reviewed each of the documents that defendants propose to withhold (in whole or in part) and the corresponding descriptions used on defendants' privilege logs. The Court, on the whole, finds these descriptions sufficiently

detailed. To the extent that the Court does not specifically discuss a particular privilege log entry here, the Court has found that the entry compliant with the governing standards. *See, e.g., United States v. Constr. Prod. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996) (privilege log should "identify each document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure") (quoting *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993)); *S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 158 (S.D.N.Y. 2014) ("[T]he index of documents withheld must, 'as to each document, ... set [ ] forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed.'"); *OneBeacon Ins. Co. v. Forman Int'l, Ltd.*, No. 04 CIV. 2271 (RWS), 2006 WL 3771010, at *4 (S.D.N.Y. Dec. 15, 2006) (party invoking privilege must "establish 'the essential elements of the privilege' being invoked"); *Asset Value Fund Ltd. P'ship v. Care Grp., Inc.*, No. 97CIV.1487(DLC)(JCF), 1997 WL 706320, at *7 (S.D.N.Y. Nov. 12, 1997) (following *Bowne*).

The Court notes that as to two withheld documents, a defendant, following plaintiffs' letter, revised the log-entry description to add specificity. *See* Dkt. 471, Ex. A (filed under seal), Bank of America entry 167; *id.*, Barclays entry 2471. The Court's view is that such a revision was indeed necessary as to both entries. As to the Bank of America document, revision was necessary because the final four words of the original description ("regarding Draft agreement or other legal document") made the description too nebulous. Bank of America's revised entry (which adds the clause "regarding draft correspondence to CFTC and SEC regarding proposed rulemaking") is compliant. Revision similarly was necessary as to the Barclay's entry ("Email reflecting request for legal advice from Barclays' outside counsel (Linklaters LLP)") because

this entry was silent as to the subject of this "legal advice." Barclays' revised entry (which adds the clause "regarding CFTC ownership regulation") cures that deficiency.

As to the remaining privilege log entries, the Court offers the following guidance:

a. ***Barclays entry 2472***: Like Barclay's original description as to entry 2471, this description ("Email requesting legal advice regarding draft talking points") requires additional context. Addition of a clause such as "for ISDA/FIA meeting" would cure this deficiency.

b. ***J.P. Morgan entry 278***: The description in this entry ("Document containing non-public supervisory information") similarly requires additional context. Identification of the intended regulatory audience for this information would cure this deficiency.

c. ***Entries lacking "from" and "to" information (e.g., Deutsche Bank entry 235; Goldman Sachs entries 0860 and 1231; J.P. Morgan entries 278, 322, 369)***: To the extent that "to" and "from" information is available with respect to the document in question, it should be included on the log.

d. ***Deutsche Bank entry 12344***: This entry contains a description ("Email chain reflecting confidential attorney-client communications with Artmann, Christian") that is lacking necessary context as to the subject of these communications. However, Deutsche Bank has stated that it intends to produce this document in redacted form. The redacted document, which the Court has reviewed, supplies the necessary context, obviating the need to modify the log.

Except as to the points reviewed here, the Court, as noted, sustains defendants' privilege-log entries as adequate. The Court does not agree with plaintiffs' critique of the use by certain

defendants of a "drop-down" menu for assistance in constructing a privilege log. The issue instead is whether, as to any particular log entry, the description used is sufficiently specific, regardless whether the prose used was drawn from a drop-down menu or uniquely crafted.

The Court, finally, notes that defendants have claimed in response to plaintiffs' letter that plaintiffs' privilege logs are deficient. Dkt. 479 at 3. It goes without saying that any deficiencies in plaintiffs' logs would not excuse deficiencies in defendants'. In the event defendants wish to raise claims about plaintiffs' logs, they must do so in compliance with the Court's Individual Rules regarding discovery disputes, which require, *inter alia*, that the parties first meet and confer before raising a dispute with the Court.

The Court hopes that the above guidance provides useful assistance so as to obviate future disputes with regard to the specificity of privilege-log entries.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: August 23, 2018
       New York, New York