quinn emanuel trial lawyers | new york     

September 18, 2018

*Via ECF*

The Honorable Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square / Room 2201
New York, NY 10007

Re:  *In re:  Interest Rate Swaps Antitrust Litigation*, No. 16-MD-2704 (PAE)

Dear Judge Engelmayer:

      I write in response to Tradition's letter of Friday, September 14, 2018.  In the guise of seeking "clarification" of this Court's July 27, 2018 Order (ECF No. 456) ("July 27 Order"), Tradition is trying to persuade this Court to modify said Order and give post-hac legitimization to its unilateral decision to withhold approximately 3,000 documents from Plaintiffs in direct defiance of this Court's prior instructions.  This request should be denied and Tradition should be required to fulfill its overdue obligations under the July 27 Order for the exact reason this Court entered the Order – Tradition's counsel's document review cannot be relied upon.

      Specifically, in its first production, Tradition's counsel reviewed 7,265 documents and only produced 93 (less than 1.3% of the total) – claiming the vast majority of the remaining documents were "irrelevant" to Plaintiffs' case.  After reviewing a 348 document sample of these purportedly "irrelevant" documents, Plaintiffs' counsel determined that 100% of those documents were responsive to Plaintiffs' subpoena and 76.7% of them were relevant to the case.  In its July 27 Order, the Court held that "in the main," "the materials identified by class plaintiffs' counsel as relevant were properly deemed relevant."  July 27 Order at 1.  In other words, more than 75% of Tradition's relevancy determinations were wrong.  Consequently, the Court ordered Tradition to "produce *all*" of "the balance of the materials that were responsive to the search terms used, withheld by Tradition, and not reviewed by plaintiffs' counsel," "save that it may withhold records consistent with the body of records deemed not relevant by plaintiffs' counsel" or subject to a claim of privilege or work product protection.  *Id.* at 2 (emphasis added).  In other words, in light of Tradition's counsel's past performance, the Court recognized a presumption of relevance in documents responsive to Plaintiffs' search terms, the production of which could be halted only by a showing of privilege, work product, or clear alignment with Plaintiffs' criteria of non-relevance.

Over the next few weeks, Tradition produced 3,741 documents that it previously claimed were irrelevant.[1]  These documents included documents highly relevant to the case, reinforcing the value in this presumption.  For instance, in its *most recent* production on August 24, Tradition produced:



1) REDACTED

2) REDACTED

3) REDACTED

On August 28, after producing approximately 3,700 documents after the July 27 Order, Tradition's counsel notified Plaintiffs' counsel that its production was complete.  On a meet and confer on September 5, Plaintiffs' counsel asked why the remaining 3,000 or so documents responsive to Plaintiffs' search terms were being withheld.  After originally agreeing to produce them quickly, on September 10, for the first time, Tradition asserted that all these documents were non-responsive to the document requests and, despite being ordered to produce them by the July 27 Order, Tradition intended to withhold them.  Tradition then asked Plaintiffs' counsel to unilaterally consent to this modification of the Court's Order.  Plaintiffs' counsel refused to do

---

[1] 362 documents on August 3, 2018; 1,544 documents on August 17, 2018; and 1,835 documents on August 24, 2018.

so, since – after discovering that over 75% of the relevance calls Tradition made were erroneous – Plaintiffs cannot take at face value Tradition's assertion that over 3,000 documents responsive to its targeted search terms are not responsive to Plaintiffs' document requests and relevant. Plaintiffs and the Court have already gone to extraordinary efforts to review and test the sufficiency of Tradition's document review – a process which resulted in the July 27 Order. That Order should stand.[2]

Moreover, to the extent Tradition claims this would impose any undue burden, the time and money Tradition has expended on complying with the subpoena has been largely self-inflicted. If Tradition had agreed to conduct a reasonable search at the outset without Court intervention, and subsequently done so without additional corrective guidance, all of this motion practice and superfluous effort could have been avoided.[3] Finally, Tradition's concern about confidentiality is misplaced. The Confidentiality Orders in this case are robust and will ensure that none of Tradition's confidential information can be misused by competitors.

>Respectfully submitted,
>
>*/s/ Michael B. Eisenkraft*
>Michael B. Eisenkraft
>Cohen Milstein Sellers & Toll PLLC

---

[2] Alternatively, if the Court elects to again test the merits of Tradition's assertions, Plaintiffs' counsel is willing to repeat its previous exercise and review a sample of a few hundred documents to test the accuracy of Tradition's review. If Tradition's review is, however, again found to be highly inaccurate, Plaintiffs reserve the right to seek costs.

[3] Tradition referenced in its letter the fact that "certain of its executives are being demanded to be deposed by Plaintiffs." Sept. 14 Letter at 3. This is another example of Tradition being uncooperative and making litigation more difficult than it need be. Tradition's counsel here, Greenberg Traurig, refused to accept service of deposition subpoenas for two of Tradition's current executives, or confirm to Plaintiffs' counsel whether or not they represented those executives. After some difficulty caused by Tradition's initial refusal to let a process server onto its premises, Plaintiffs' counsel personally caused those Tradition executives to be served with subpoenas on August 24, 2018 for depositions on October 2, 2018 and October 4, 2018. Since that date, Plaintiffs' counsel has received no communications concerning its subpoenas and still has no idea if anyone is representing these Tradition executives.