UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
IN RE:

INTEREST RATE SWAPS ANTITRUST LITIGATION

*This Document Relates to All Actions*
------------------------------------------------------------------------ X

16-MD-2704 (PAE)
16-MC-2704 (PAE)

ORDER NO. 50

**ORDER RESOLVING
DISCOVERY DISPUTE**

PAUL A. ENGELMAYER, District Judge:

This order resolves a discovery dispute. Tradition LLC ("Tradition"), a non-party to this lawsuit, asks the Court to "clarify" its July 27, 2018 order (Order No. 41, Dkt. 456[1]) relating to class plaintiffs' subpoena to Tradition. *See* Dkt. 547 (September 14, 2018 letter from Tradition); *see also* Dkt. 540 (plaintiffs' September 18, 2018 response). The Court issued that order after having determined, upon review of four binders of materials, that Tradition had wrongly withheld a very substantial volume of relevant and properly discoverable material. The Court accordingly ordered Tradition to produce forthwith all records yielded by the agreed-upon search terms, excepting only (1) materials subject to a valid claim of privilege or work-product or (2) materials consistent with the body of records deemed not relevant by plaintiffs' counsel (e.g., documents relating to specific transactions), based on plaintiffs' counsel's on-site review of a subset of the non-produced materials.

Tradition now seeks, apparently with respect to the remainder of its production, what it terms a "clarification" of the Court's previous order. Specifically, Tradition seeks leave not to produce documents responsive to the agreed-upon search terms in this case even where those

---

[1] Docket numbers in this order refer to the docketing in 16-MD-2704 (PAE).

documents (1) are non-privileged and non-work-product and (2) do not fall within the categories of documents that plaintiffs agreed were not relevant. Tradition would withhold such documents based on Tradition's subjective determination that such documents are not responsive to plaintiffs' subpoena.

With one limited exception, the Court denies Tradition's request. Given the Court's prior experience reviewing the four binders of materials withheld by Tradition, the Court lacks confidence in the soundness of Tradition's judgments as to the relevance and responsiveness of documents to this case, as to which Tradition is a third party. The Court accordingly believes that, with the exceptions noted above for privileged and work-product materials and materials of a nature that plaintiffs have agreed are non-responsive, materials responsive to the agreed-upon search terms are to be produced. The Court will make one limited exception because it is capable of a bright-line objective application: Where a document yielded by the search terms relates exclusively to markets other than the interest rate swaps market, *i.e.*, where it is clear on the face of a document that it is unrelated to that market, that document need not be produced.

Tradition separately raises a concern as to production of proprietary materials. As the Court has previously noted, Tradition is at liberty to designate particular documents for heightened protection consistent with the protective order in place in this litigation. *See* Dkt. 456, at 2.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: September 21, 2018
     New York, New York